## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**VICTORIA INEZ GILL,**

                                 **Plaintiff,**                        **Case No. 25-4112-DDC-BGS**

**v.**

**RECOVER-CARE ROSSVILLE LLC**
**d/b/a ROSSVILLE HEALTHCARE AND**
**REHABILITATION CENTER,**

                                 **Defendant.**

## MEMORANDUM AND ORDER

Federal courts strongly prefer to resolve cases on their merits. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). And courts must proceed to that resolution in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The parties in this case have made it difficult for the court to balance these noble goals.

Start with plaintiff. Despite receiving an extension of time, Doc. 14, plaintiff filed her motion-to-dismiss response three days late, Doc. 20. Plaintiff's counsel blames technical issues for the missed deadline. Doc. 19 at 1–2. Yet she didn't file the brief for three more days. Plaintiff's counsel faults the calendar for this discrepancy—the brief was due on a Friday, and she filed it on a Monday. *See* Doc. 22 at 1–2. Technical and calendar issues aside, this is the second time in two months when plaintiff's counsel has struggled to comply with deadlines. *See* Unopposed Motion for Extension of Time, *Mitchell v. Steiner*, No. 25-4050-DDC-RES (D. Kan. Jan. 30, 2026), Doc. 32 (acknowledging motion doesn't comply with the deadline set forth in D.

Kan. Rule 6.1). Plaintiff now has asked the court to bless (retroactively) this late filing. Doc. 19. Given the strong preference for resolving cases on their merits, plaintiff has all but granted her own motion. That is, plaintiff's counsel can use the court's merits preference as shield, protecting counsel from any consequences for failing—more than once—to follow the rules and meet deadlines.

On the other side of the caption, defendant has decided to oppose plaintiff's motion for more time. Doc. 21. The reason? Plaintiff didn't perform an excusable-neglect analysis. *Id.* at 2–3. Defendant's solution? Deny plaintiff's request for more time and strike plaintiff's untimely response. *Id.* at 3. While technically correct—plaintiff's motion fails to cite the excusable-neglect standard and fails to analyze the four excusable-neglect factors—defendant's response isn't practical. Striking plaintiff's response could end in just one of two ways. *First*, the court could slam the door on plaintiff's opportunity to respond to its motion to dismiss and declare defendant's motion unopposed. But this option would offend the directive that courts should resolve cases on their merits. *Alternatively*, the court could order to plaintiff to file a better motion for an extension of time and refile her motion-to-dismiss response. But this extra motion practice and refiling would offend Rule 1's goal of efficiency.

So, counsel has complicated the court's efforts to resolve this case—*their* case—on its merits in an efficient fashion. Given this absence of consideration for the court's goals (and its limited resources), the court must take matters into its own hands. It begins with the governing legal standard.

The Federal Rules of Civil Procedure permit late filings—under certain circumstances. "[T]he court may, for good cause, extend the time" for a party to perform a time-sensitive act. Fed. R. Civ. P. 6(b). If the time has expired already, the court may grant the motion only upon a

finding of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is "a somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993) (quotation cleaned up) (applying "excusable neglect" standard from bankruptcy rule); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer* rules to Fed. R. Civ. P. 6(b)). At bottom, "excusable neglect" is an equitable calculation. *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *4 (10th Cir. Apr. 5, 2024) (citing *Pioneer*, 507 U.S. at 395).

*Pioneer* established four factors that inform the excusable-neglect analysis: (1) the risk of prejudice to nonmovant; (2) the delay's length and its effect on proceedings; (3) the reason for delay and whether it was within the movant's "reasonable control"; and (4) the movant's good or bad faith. *Pioneer*, 507 U.S. at 395. "'The most important factor is the third' and 'an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect.'" *Babakr*, 2024 WL 1479693, at *4 (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

Applying the factors, the court denies plaintiff's Motion for Extension of Time (Doc. 19) for failing to meet the third and most important factor: reason for the delay. Plaintiff hasn't explained the "technical difficulties" that prevented her from filing a timely response. This matters because not all technical difficulties show excusable neglect. *See, e.g.*, *Shifers v. Arapahoe Motors, Inc.*, No. 17-cv-01753-CMA-KLM, 2018 WL 6620866, at *4 (D. Colo. Dec. 18, 2018) (calling counsel's "wait[ing] until the last possible hours to attempt to file his Response" and subsequent internet-access struggles a "plainly inadequate" reason for the delay). Nor can the court condone waiting until the last second to file. *See Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) ("[C]ounsel deliberately waited until the end of the

3

thirty-day period to file the notice of appeal, increasing the risk that unforeseen events, including illness, might interfere with his ability to meet the deadline."). The court understands that technical issues and scheduling conflicts arise. But this excuse has its limits.

Nevertheless, the court, on its own motion, will consider plaintiff's Response (Doc. 20) when it decides defendant's Motion to Dismiss (Doc. 6). The court will do so because it's obliged to decide this case on its merits. To avoid any prejudice that this decision may cause to defendant, the court grants defendant 14 days from the date of this Memorandum and Order to file any reply brief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Extension of Time (Doc. 19) is denied.

**IT IS FURTHER ORDERED THAT** defendant shall have 14 days from the date of this Memorandum and Order to file any reply to the Motion to Dismiss (Doc. 6).

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

4